IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

REGINALD RAY PIPER,                    §
TDCJ #1437051,                         §
                                       §
              Petitioner,              §
                                       §
v.                                     §          CIVIL ACTION NO. H-10-0677
                                       §
RICK THALER, Director,                 §
Texas Department of Criminal Justice - §
Correctional Institutions Division,    §
                                       §
              Respondent.              §

## MEMORANDUM AND ORDER

State inmate Reginald Ray Piper (TDCJ #1437051, former TDCJ #764587) has filed

a petition for a writ of habeas corpus to challenge his state court conviction under 28 U.S.C.

§ 2254.  The respondent has filed a motion for summary judgment in response, arguing that

Piper is not entitled to the relief that he seeks [Doc. # 5].  Piper has filed a reply [Doc. # 6].

After considering all of the pleadings, the state court records, and the applicable law, the

Court grants the respondent's motion and dismisses this case for reasons that follow.

## I.    BACKGROUND

A local grand jury returned an indictment against Piper in Harris County cause

number 1053423, charging him with aggravated sexual assault of a child.  In that charging

instrument, Piper was accused with sexually assaulting a 14-year-old female student at Forest

Brook High School in Houston, Texas, where Piper worked as a janitor.  The state enhanced

that indictment for purposes of punishment with allegations that Piper had at least one prior felony conviction for robbery.

At trial, the state presented evidence that, while he working as a janitor at Forest Brook High School, he locked a 14-year-old female student in a supply closet after school on October 12, 2005, removed her clothing, and forced his sexual organ into hers.  The teenage victim testified that, after the sexual assault occurred, Piper threw a twenty dollar bill at her and then unlocked the door.  She stated that Piper warned her not to tell anyone.  The victim kept the assault secret until Christmas Day, when she finally broke down and told her father.  The family contacted the school and the police, who began an investigation.  After a medical exam revealed that the victim was pregnant, she had an abortion.  Pursuant to a motion to preserve evidence, police officers collected vials of blood from the victim and the fetus.  A forensic analyst compared this evidence with a DNA sample collected from Piper and determined that Piper was the father.  In that regard, the evidence showed that the probability of paternity was 99.99%, meaning that the likelihood that another individual could be the biological father was one in 270 million.

After hearing all of the evidence, a jury in the 182nd District Court of Harris County, Texas, found Piper guilty as charged of aggravated sexual assault of a child.  During the punishment phase of the proceeding, Piper stipulated that he had at least three prior felony convictions and six misdemeanor convictions within the past ten years.  On May 7, 2007, the jury sentenced Piper to serve 45 years' imprisonment.

On direct appeal, Piper argued that the trial court erred by excluding evidence during the punishment phase of the proceeding.  According to Piper, the proposed evidence would have shown that the victim had consensual sexual intercourse with another student sometime after she had been sexually assault by Piper.  Piper argued that the evidence was "constitutionally required" because he was unable to present a complete defense without it. The court of appeals observed that this argument was not presented at trial and that Piper failed to preserve error on this issue.  Accordingly, the court of appeals affirmed Piper's conviction in an unpublished opinion. *See Piper v. State*, No. 14-07-00409-CR, 2008 WL 2133416 (Tex. App. — Houston [14th Dist.] May 20, 2008, pet. ref'd).

Piper challenged his conviction further by filing a state habeas corpus application under Article 11.07 of the Texas Code of Criminal Procedure.  In that application, Piper argued that he was denied effective assistance of counsel at trial and on appeal in connection with the proposed evidence of the victim's consensual sexual activity.  The state habeas corpus court, which also presided over the trial, entered findings of fact along with conclusions of law and recommended that the application be denied.  The Texas Court of Criminal Appeals agreed and denied Piper's application, without a written order, based on findings made by the trial court. *See Ex parte Piper*, No. 72,013-01 (Tex. Crim. App. June 17, 2009).  Piper remains in custody of the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ") at the Ellis Unit in Huntsville.

Piper now seeks a writ of habeas corpus to challenge his conviction under 28 U.S.C. § 2254.  Piper raises the same claims that he presented on direct appeal and state habeas

corpus review.  The respondent maintains that the petition must be dismissed because Piper fails to demonstrate that he is entitled to relief.  The parties' contentions are discussed further below under the governing federal habeas corpus standard of review.

## II.     STANDARD OF REVIEW

The respondent has filed a motion for summary judgment asking this Court to deny relief and dismiss the petition.  Motions for summary judgment are typically governed by Rule 56 of the Federal Rules of Civil Procedure.  In this instance, the respondent's summary-judgment motion must be determined in compliance with the federal habeas corpus statutes.  *See Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002); *see also Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000).

Federal habeas corpus proceedings filed after April 24, 1996 are governed by provisions of the Antiterrorism and Effective Death Penalty Act (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996).  *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997).  The AEDPA was enacted, at least in part, to ensure comity, finality, and deference to state court determinations by limiting the scope of collateral review and raising the standard for federal habeas relief.  *See Robertson v. Cain*, 324 F.3d 297, 306 (5th Cir. 2003) (citations omitted). As the Supreme Court has explained, the federal habeas corpus statutes amended by the AEDPA, codified at 28 U.S.C. § 2254(d), set forth a "highly deferential standard for evaluating state-court rulings, . . . , which demands that state court decisions be given the benefit of the doubt."  *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (internal citation omitted). Specifically, the AEDPA "modified a federal habeas court's role in reviewing state

prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002) (quotation omitted).

To the extent that the petitioner's claims were adjudicated on the merits in state court, the AEDPA standard applies. For claims adjudicated on the merits, the AEDPA standard provides that a petitioner is not entitled to relief unless he shows that the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[.]" 28 U.S.C. § 2254(d)(1). A state court's decision is deemed contrary to clearly established federal law if it reaches a legal conclusion in direct conflict with a prior decision of the Supreme Court or if it reaches a different conclusion than the Supreme Court based on materially indistinguishable facts. *See Williams v. Taylor*, 529 U.S. 362, 404-08 (2000); *Avila v. Quarterman*, 560 F.3d 299, 304 (5th Cir. 2009). A state court unreasonably applies clearly established precedent if it identifies the correct governing legal principle but unreasonably applies that principle to the facts of the case. *Brown v. Payton*, 544 U.S. 133, 141 (2005). Under this standard, an unreasonable application is more than merely incorrect or erroneous; rather, the state court's application of clearly established law must be "objectively unreasonable." *Williams*, 529 U.S. at 409. The focus of this objective reasonableness inquiry is on the state court's ultimate decision, not whether the state court "discussed every angle of the evidence." *Dale v. Quarterman*, 553 F.3d 876, 879 (5th Cir. 2008) (quoting *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002) (en banc)).

The deferential AEDPA standard of review applies even where the state court fails to cite applicable Supreme Court precedent or fails to explain its decision.  *See Early v. Packer*, 537 U.S. 3, 7 (2002).  Likewise, a federal habeas corpus court's inquiry under § 2254(d)(1) is not altered where the state court denies relief without a written opinion.  *See Schaetzle v. Cockrell*, 343 F.3d 440, 443 (5th Cir. 2003).  For such a situation, a reviewing court (1) assumes that the state court applied the proper "clearly established Federal law"; and (2) then determines whether its decision was "contrary to" or "an objectively unreasonable application of" that law.  *Id.* (citing *Catalan v. Cockrell*, 315 F.3d 491, 493 & n.3 (5th Cir. 2002)).

A state court's findings and conclusions are entitled to deference unless the petitioner shows that they are "based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(2); *Bunion v. Quarterman*, 524 F.3d 664, 670 (5th Cir. 2008).  A state court's findings of fact are presumed to be correct on federal habeas review, and the petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).  This presumption extends not only to express findings of fact, but to the implicit findings of the state court as well.  *Garcia v. Quarterman*, 454 F.3d 441, 444 (5th Cir. 2006) (citations omitted).  The petitioner's claims in this case are addressed below under the deferential AEDPA standard.

## III.    DISCUSSION

### A.    Ineffective Assistance of Counsel — Trial

Piper argues that he is entitled to relief from his state court conviction under 28 U.S.C. § 2254 because he was denied effective assistance of counsel at his trial. Piper does not dispute that he had sex with the victim, who was under the age of legal consent, and that a sexual assault occurred. Likewise, he does not fault his attorney's performance during the guilt/innocence portion of the trial. Piper argues instead that his counsel failed to properly present evidence during the punishment phase of the trial, which would have showed that the victim had consensual sex with another student after she had been sexually assaulted by Piper. In particular, Piper complains that his attorney failed to comply with the "notice requirement" found in the Texas "rape shield" law, codified at Rule 412 of the Texas Rules of Evidence, which restricts the admissibility of evidence about a victim's reputation and specific instances of sexual behavior in a sexual assault prosecution.[1] Piper also faults his counsel for failing to preserve an issue for appellate review by arguing that testimony about the victim's sexual behavior was "constitutionally required" to be admitted by an exception found in the rape shield law.

The respondent maintains that these arguments were rejected on state habeas corpus review and that Piper fails to show that the state court's decision was contrary to or involved an unreasonable application of clearly established precedent. Piper's allegations are addressed in detail below, following a brief overview of the legal standard that governs claims of ineffective assistance of counsel.

---

[1]    The Texas rape shield provision found at Rule 412 of the Texas Rules of Evidence is set forth in more detail below.

### 1.      Legal Standard for Ineffective-Assistance Claims

The Sixth Amendment to the United States Constitution guarantees criminal defendants the right to have the assistance of counsel at trial. U.S. CONST. amend. VI; *Yarborough v. Gentry*, 540 U.S. 1, 5 (2003).  The right to counsel guaranteed by the Sixth Amendment includes "the right to the *effective* assistance of counsel." *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970) (emphasis added).  Claims for ineffective assistance of counsel are analyzed under the well-established standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984).  To prevail under the *Strickland* standard, a defendant must demonstrate both constitutionally deficient performance by counsel and actual prejudice as a result of the alleged deficiency.  *See Williams v. Taylor*, 529 U.S. 390, 390-91 (2000). "Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that rendered the result unreliable." *Strickland*, 466 U.S. at 687.

### 2.      The State Court's Findings and Conclusions

As the respondent correctly notes, the state habeas corpus court rejected Piper's contention that he was denied effective assistance of counsel during the punishment phase of the trial.  The state habeas corpus court, which also presided over Piper's trial, made the following findings of fact in support of its decision to reject these claims:

> 3.      During the punishment phase of the trial in the instant case, trial counsel Steven Greenlee approached the bench and asked the court to allow the presentation of evidence concerning the sexual behavior of the victim, which had allegedly occurred around the same time as the primary offense. (V R.R. at 6-11). Greenlee specifically petitioned the court to allow testimony that, subsequent to the sexual assault in the

primary case, the victim became "curious about sex and had sex with a student at Forest Brook High School". (V R.R. at 6-11).

4.      Trial counsel Greenlee did not invoke the applicant's constitutional rights in his argument for the admission of testimony regarding the victim's sexual behavior. (V R.R. at 6-11).

5.      The trial court ruled that the testimony regarding the victim's sexual behavior would not be elicited for the jury's consideration. (V R.R. at 11).

6.      In its opinion affirming the trial court's judgment in the instant case, the Fourteenth Court of Appeals noted that a constitutional argument was not presented during trial for the inclusion of the evidence regarding the victim's sexual behavior and therefore, was not preserved for appellate review. *Piper v. State*, No. 14-07-00409-CR (Tex. App. — Houston [14th Dist.] May 20, 2008) (not designated for publication). Accordingly, the Court of Appeals held that the issue was waived for purposes of appeal. *Id.*

*Ex parte Piper*, No. 72,013-01 at 79-80. After entering these findings, which are presumed correct for purposes of federal habeas corpus review,[2] the state habeas corpus court observed that the admissibility of the proposed evidence is governed the Texas rape shield law, which is outlined briefly below.

The Texas rape shield law, which is found at Rule 412 of the Texas Rules of Evidence, applies in prosecutions for sexual assault, aggravated sexual assault, or for attempts to commit sexual assault or aggravated sexual assault. Rule 412(a) absolutely prohibits opinion or reputation evidence of the past sexual behavior of an alleged victim in

---

[2]      A state court's fact findings are presumed correct on federal habeas corpus review unless the petitioner presents clear and convincing evidence to the contrary. *See* 28 U.S.C. § 2254(e)(1). Because Piper does not dispute any of these findings, the presumption of correctness applies. *See id.*

these prosecutions. Subject to certain procedures found in Rule 412(c), which requires notice to the trial court outside of the jury's presence, evidence of specific instances of past sexual behavior may be admitted if it fits within one of the following exceptions listed in Rule 412(b)(2):

    (A)    the evidence is necessary to rebut or explain scientific or medical evidence offered by the State;

    (B)    it is evidence of past sexual behavior with the accused and is offered by the accused upon the issue of whether the alleged victim consented to the sexual behavior which is the basis of the offense charged;

    (C)    the evidence relates to the motive or bias of the alleged victim;

    (D)    the evidence is admissible for purposes of impeachment under Rule 609; or

    (E)    the evidence "is *constitutionally required* to be admitted."

TEX. R. EVID. 412(b)(2)(A)-(E) (emphasis added). In addition, if the evidence fits within one of these exceptions found in Rule 412(b)(2), the trial court then also determine that its probative value outweighs the danger of unfair prejudice. *See* TEX. R. EVID. 412(b)(3).

The state habeas corpus court found that Piper's trial counsel fully complied with the notice requirement found in Rule 412(c). *See Ex parte Piper*, No. 72,013-01 at 81. The state habeas corpus court acknowledged that Piper's trial attorney did not argue that the proposed evidence was "constitutionally required" for purposes of the exception found in Rule 412(b)(2)(E). The state habeas corpus court concluded that counsel was not deficient, nevertheless, because Piper failed to show that the evidence was both constitutionally

10

required and relevant (*i.e.*, more probative than prejudicial) for purposes of Rule 412(b), or

that the evidence would have been admitted had this argument been made:

> 10.    Even if trial counsel had made a constitutional argument for the admission of evidence regarding the victim's sexual behavior, the applicant fails to show [that] the court would have admitted the testimony or that it would have committed reversible error in its failure to do so. *See Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991).

> 11.    Even if the excluded evidence regarding the victim's sexual behavior is admissible under Rule of Evidence 412(b)(2)(E), the applicant has not met his burden to show [that] the probative value of the evidence outweighed the danger of unfair prejudice. *Boyle v. State*, 820 S.W.2d 122, 147-148 (Tex. Crim. App. 1989), *overruled on other grounds by Gordon v. State*, 801 S.W.2d 899, 911 n.13 (Tex. Crim. App. 1990).

*Ex parte Piper*, No. 72,013-01 at 81.  In addition, the state habeas corpus court concluded

further that Piper failed to demonstrate that the result of his proceeding would have been any

different or that he suffered any actual prejudice as a result of his counsel's failure to

properly present the evidence:

> 12.    Even if trial counsel had invoked the defendant's constitutional rights for the admission of testimony regarding the victim's sexual behavior and the court admitted the testimony, the applicant fails to show [that] the proceedings would have been different.

> 13.    The trial court's decision to exclude the evidence did not influence the jury or had but a slight effect, any alleged error excluding the testimony regarding the victim's sexual behavior was harmless. *See Morales v. State*, 32 S.W.3d 862, 867 (Tex. Crim. App. 2000).

> 14.    The applicant fails to show that counsel's conduct fell below an objective standard of reasonableness and that, but for counsel's alleged deficient conduct, there is a reasonable probability that the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986) (adopting the *Strickland* standard in Texas); and *Narvais v. State*,

> 840 S.W.2d 415, 434 (Tex. Crim. App. 1992) (defining the two-part
> *Strickland* standard).

*Ex parte Piper*, No. 72,013-01 at 81.  Thus, the state court concluded that Piper failed to

establish that he was denied effective assistance of counsel in connection with his trial.  *See*

*id*. at 81-82.

As this record shows, the state court identified the governing legal standard found in

*Strickland* and applied it to Piper's ineffective-assistance claim.  Because Piper repeats the

same ineffective-assistance claim on federal habeas corpus review, the central question is not

whether this court "'believes the state court's determination' under the *Strickland* standard

'was incorrect but whether the determination was unreasonable — a substantially higher

standard.'" *Knowles v. Mirzayance*, — U.S. —, 129 S. Ct. 1411, 1420 (2009) (quoting

*Schriro v. Landrigan*, 550 U.S. 465, 478 (2007)).  In addition, "because the *Strickland*

standard is a general standard, a state court has even more latitude to reasonably determine

that a defendant has not satisfied that standard." *Knowles*, 129 S. Ct. at 1420.  Thus, this

standard is "doubly deferential" on habeas corpus review.  *Id.*  For reasons set forth below,

Piper fails to establish a valid claim for relief because he does not show that his counsel's

performance was deficient or that he was actually prejudiced as a result.

### 3.    Deficient Performance

For purposes of an ineffective-assistance analysis, counsel's performance is

constitutionally deficient if it falls below an objective standard of reasonableness, as

measured by prevailing professional norms.  *See Strickland*, 466 U.S. at 687-88 (explaining

that the petitioner must show that counsel "made errors so serious that counsel was not

functioning as the 'counsel' guaranteed . . . by the Sixth Amendment").  In evaluating an allegation of deficient performance, a reviewing court must make every effort "'to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.'"  *Id.* at 689 (quotation omitted).  "Judicial scrutiny of counsel's performance must be highly deferential," and "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*  That is, a habeas petitioner must overcome the presumption that, under the circumstances, "the challenged action might be considered sound trial strategy."  *Riley v. Dretke*, 362 F.3d 302, 305 (5th Cir. 2004).

Piper concedes that his trial attorney attempted to present evidence about the victim's sexual behavior.  He complains, nevertheless, that his trial attorney failed to succeed in getting the evidence admitted for the jury's consideration.  To demonstrate deficient performance, Piper must show that his counsel had, but failed to make, a meritorious argument when presenting the evidence.  *See Parr v. Quarterman*, 472 F.3d 245, 256 (5th Cir. 2006) (holding that counsel was not deficient in failing to present a meritless argument) (citation omitted);  *Smith v. Puckett*, 907 F.2d 581, 585 n.6 (5th Cir. 1990) ("Counsel is not deficient for, and prejudice does not issue from, failure to raise a legally meritless claim."); *Lavernia v. Lynaugh*, 845 F.2d 493, 499 (5th Cir. 1988) ("Counsel cannot be faulted for failing to pursue meritless motions.") (citations omitted); *Murray v. Maggio*, 736 F.2d 279, 283 (5th Cir. 1984) ("Counsel is not required to engage in the filing of futile motions.").

Piper complains that his attorney failed to comply with the notice requirement found in Rule 412(c) of the Texas Rules of Evidence.  The record, however, supports the  state habeas corpus court's finding that Piper's trial counsel fully complied with the notice requirement found in Rule 412(c).  *See Ex parte Piper*, No. 72,013-01 at 81.  In that respect, the record shows that Piper's counsel approached the bench outside of the jury's presence before attempting to introduce proposed testimony about the victim's sexual behavior.  *See Court Reporter's Record*, vol. 3, at 93-95; vol. 5, at 6.  Piper's claim to the contrary is conclusory and does not merit further consideration.  *See Day v. Quarterman*, 566 F.3d 527, 540-41 (5th Cir. 2009); *see also Lincecum v. Collins*, 958 F.2d 1271, 1279 (5th Cir. 1992) (denying habeas relief where petitioner "offered nothing more than the conclusory allegations in his pleadings" to support claim that counsel was ineffective for failing to investigate and present evidence).

Piper also complains that his attorney was deficient because he failed to argue that, pursuant to Rule 412(b)(2)(E) of the Texas Rules of Evidence, testimony about the victim's sexual behavior was constitutionally required to be admitted during the punishment phase of the trial.  In his supporting memorandum, Piper notes that evidence about a victim's sexual behavior may be admissible where consent is an issue or where the victim has made a "prior false accusation of rape." [Doc. #1, *Memorandum*, at 3-4].  Piper concedes, however, that he was charged with sexual assault of a child, where the issue of consent is not relevant.[3]

---

[3]      *See* TEX. PENAL CODE § 22.011(a)(2), (c)(1) (defining the offense of aggravated sexual assault to include sexual contact with a child under the age of 17).

Likewise, Piper does not claim that the charge against him was false.   Under these circumstances, he fails to show that the evidence was constitutionally required to be admitted or that the proposed evidence was admissible under any other exception listed in Rule 412(b)(2).

Moreover, even if admissible under Rule 412(b)(2), Piper still must show that the probative value of the evidence outweighed the danger of unfair prejudice.  *See* TEX. R. EVID. 412(b)(3).  Piper fails to do so here.  Piper appears to argue that evidence of the victim's sexual behavior was relevant and admissible to rebut testimony from the victim and her family members about the emotional trauma caused by the assault.  Noting that the victim had consensual sex with another individual soon after the rape occurred, Piper reasons that the proposed testimony was probative of the victim's state of mind and was therefore "mitigating" evidence regarding the appropriate level of punishment in his case.  The record reflects that Piper's attorney raised a similar claim during the punishment phase of the proceeding, but that the trial court rejected this argument and declined to admit the evidence.  *See Court Reporter's Record*, vol. 5, at 6-11.  To the extent that Piper disagrees, he fails to show that the trial court's ruling was incorrect or that the evidence was admissible in light of the purpose of the Texas rape shield law, which is to protect the complainant by limiting, where possible, "abusive, embarrassing, and irrelevant inquiries into a complainant's private life." *Kesterson v. State*, 959 S.W.2d 247, 248 (Tex. App. — Dallas 1997, pet. ref'd) (citing *Wofford v. State*, 903 S.W.2d 796, 798 (Tex. App. — Dallas 1995, pet. ref'd)); *see also Cuyler v. State*, 841 S.W.2d 933, 937 (Tex. App. — Austin 1992, no pet.) (holding that

evidence of a victim's "subsequent sexual behavior" was not admissible under Rule 412(b)), *overruled on other grounds*, *Halstead v. State*, 891 S.W.2d 11, 13 (Tex. App. — Austin 1994, no pet.).

Piper does not cite any authority showing that the proposed evidence was constitutionally required or relevant to his punishment and he does not show that the evidence was otherwise admissible.   Absent a showing that his counsel failed to raise a meritorious argument, Piper does not demonstrate that his attorney's performance was deficient.   More importantly, Piper does not establish that the state court's decision to reject this claim was objectively unreasonable under the above-referenced *Strickland* standard. Accordingly, Piper fails to establish that he is entitled to relief for this reason.

### 4.      Actual Prejudice

In the alternative, the respondent maintains that Piper's ineffective-assistance claim fails because he does not demonstrate the requisite prejudice.   To prove the prejudice for purposes of an ineffective-assistance analysis, a defendant must show that there "is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.   A reasonable probability is "a probability sufficient to undermine confidence in the outcome" and is less than a preponderance of the evidence. *Id*. at 693-94. In the state sentencing context, the relevant inquiry is whether, absent counsel's errors, there is a reasonable probability that the defendant's sentence would have been "significantly less harsh," taking into account "such factors as the defendant's actual sentence, the potential minimum and maximum sentences

16

that could have been received, the placement of the actual sentence within the range of potential sentences, and any relevant mitigating or aggravating circumstances." *Dale v. Quarterman*,553 F.3d 876, 880 (5th Cir. 2008) (internal quotation and citation omitted); *Spriggs v. Collins*, 993 F.2d 85, 88-89 (5th Cir. 1993).

Piper does not allege facts that establish prejudice in this instance and the record does not disclose any.  Piper was charged with aggravated sexual assault of a child, which is a second degree felony.  *See* TEX. PENAL CODE § 22.011(f).  The state enhanced the indictment for purposes of punishment with allegations that Piper had at least one prior felony conviction for robbery.  *See* TEX. PENAL CODE § 12.42(b) ("If it is shown on the trial of a second-degree felony that the defendant has once before been convicted of a felony, on conviction he shall be punished for a first degree felony.").  As a repeat offender, Piper faced a potential range of imprisonment of "not more than 99 years or less than 5 years."  TEX. PENAL CODE § 12.32.  During the punishment phase of the proceeding, Piper stipulated that he had at least three prior felony convictions and six misdemeanor convictions.  In light of his criminal record, Piper's 45-year prison sentence is not excessive.

The only mitigating evidence that Piper could muster was testimony from his girlfriend, who stated that he was a good father to their child.  The state, by contrast, presented significant aggravating evidence in this case.  The jury heard evidence that Piper was in his late 20's when he forcibly raped a 14-year-old student after locking her in a supply closet after school.  The victim became pregnant with Piper's child as a result of the assault and had to undergo an abortion.  Based on this record, the Court is not persuaded that Piper's

sentence would have been significantly less harsh if he would have been permitted to introduce evidence that the victim subsequently had sex with another individual.  Piper fails to establish actual prejudice in this instance or to show that the state court's decision to reject his claim was objectively unreasonable under *Strickland*.  Accordingly, Piper is not entitled to relief for this additional reason.

### B.  Ineffective Assistance of Counsel — Appeal

Piper also complains that he was denied effective assistance of counsel on appeal because his appellate attorney failed to cite any constitutional provisions showing that evidence of the victim's sexual history was admissible.  A claim of ineffective assistance on appeal is governed by the same two-part test set out in *Strickland v. Washington*, 466 U.S. 668 (1984), which requires the defendant to establish both constitutionally deficient performance and actual prejudice.  *See Smith v. Murray*, 477 U.S. 527, 535-36 (1986) (applying *Strickland* to a claim of ineffective assistance of counsel on appeal).  To establish that appellate counsel's performance was deficient in the context of an appeal, the defendant must show that his attorney was objectively unreasonable in failing to find arguable issues to appeal — that is, that counsel unreasonably failed to discover non-frivolous issues and raise them.  *Smith v. Robbins*, 528 U.S. 259, 285 (2000). If the defendant succeeds in such a showing, then he must establish actual prejudice by demonstrating a "reasonable probability" that, but for his counsel's deficient performance, "he would have prevailed on his appeal." *Id.*

Piper's allegation of ineffective assistance against his appellate counsel was rejected on state habeas corpus review.  In that proceeding, the state habeas corpus court noted that Piper's appellate attorney challenged the trial court's evidentiary ruling on direct appeal:

> 7.   Appellate counsel, Robert Morrow, argued in his brief to the Fourteenth Court of Appeals that the complaint's sexual behavior with another "was properly admissible under Rule 412, Texas Rules of Evidence, and the trial court abused its discretion in keeping this information from the jury during the punishment phase of the trial."  *See State's Exhibit B, copy of Appellant's Brief to Fourteenth Court of Appeals*.

*Ex parte Piper*, No. 72,013-01 at 80.  The state habeas corpus court observed further that appellate counsel raised a constitutional argument in support of this issue.  *See id*. at 82.  The state habeas corpus court concluded, therefore, that Piper failed to demonstrate that appellate counsel's performance was deficient.  *See id*.  The state habeas court also concluded that Piper failed to establish that, but for his appellate attorney's failure to raise a constitutional argument, the result of his appeal would have been different or that he suffered any actual prejudice.  *See id*.

The record supports the state court's findings and its ultimate conclusion that Piper failed to establish a valid claim of ineffective-assistance on appeal.  According to the appellate opinion, Piper's counsel argued that evidence of the victim's sexual history was "constitutionally required" because Piper was unable to present a "complete defense" without such evidence.  *Piper v. State*, No. 14-07-00409-CR, 2008 WL 2133416, *1 (Tex. App. — Houston [14th Dist.] May 20, 2008, pet. ref'd) (citing *Holmes v. South Carolina*, 547 U.S.

319 (2006)).[4]  The court of appeals affirmed the conviction after finding that Piper failed to

preserve error by raising this argument at trial.  *See id*.  Thus, the record refutes Piper's claim

that his appellate attorney was deficient for failing to raise a constitutional argument on direct

appeal.

Although Piper cites several state court cases in his supporting memorandum, he has

not cited any precedent showing that the proposed evidence was admissible under the facts

that were present in his case.  To the extent that Piper faults his appellate attorney for failing

to raise arguments similar to those that he now presents on habeas review, appellate counsel

is not deficient for not raising every non-frivolous issue on appeal. *See United States v.*

*Reinhart*, 357 F.3d 521, 524 (5th Cir. 2004) (citing *United States v. Williamson*, 183 F.3d

458, 462 (5th Cir. 2000)).  To the contrary, counsel's failure to raise an issue on appeal will

be considered deficient performance only when that decision "fall[s] below an objective

standard of reasonableness."  *Id*. This standard requires counsel "to research relevant facts

and law, or make an informed decision that certain avenues will not prove fruitful."  *Id*.

"Solid, meritorious arguments based on directly controlling precedent should be discovered

and brought to the court's attention."  *Id.*

Piper does not demonstrate that his appellate attorney failed to raise a non-frivolous

claim and he has not shown that the proposed evidence was admissible under any theory.

---

[4]      In *Holmes v. South Carolina*, 547 U.S. 319, 331 (2006), the Supreme Court held that the trial
court erred by excluding evidence of third-party guilt in a capital murder case, thereby
violating the defendant's constitutional right to have a meaningful opportunity to present a
complete defense.

Therefore, Piper does not show that his appellate counsel's performance was deficient. Likewise, Piper does not establish that the result of his appeal would have been different if his appellate attorney had raised any other issue and he has failed to demonstrate a valid claim for ineffective assistance of counsel on appeal under the *Strickland* standard.   Piper does not otherwise establish that the state court's decision to reject his ineffective-assistance claims was contrary to or involved an unreasonable application of clearly established Supreme Court precedent.   Therefore, Piper is not entitled to federal habeas corpus relief on this issue.

### C.    The Trial Court's Evidentiary Ruling

Piper argues further that he is entitled to relief because the trial court committed "reversible error" when it refused to admit evidence about the victim's sexual behavior during the punishment phase of the proceeding.   The trial court's evidentiary determination is governed by state law.   The Fifth Circuit has made clear that federal habeas corpus courts "do not review state courts' application of state evidence law."   *Jones v. Cain*, 600 F.3d 527, 536 (5th Cir. 2010) (citing *Castillo v. Johnson*, 141 F.3d 218, 222 (5th Cir. 1998); *Mercado v. Massey*, 536 F.2d 107, 108 (5th Cir. 1976)); *see also  Little v. Johnson*, 162 F.3d 855, 862 (5th Cir. 1998) ("In habeas actions, this court does not sit to review the mere admissibility of evidence under state law.").   A federal habeas corpus court will not grant relief from errors in a state trial court's evidentiary rulings, if any, unless those errors resulted in a "denial of fundamental fairness" under the Fourteenth Amendment Due Process Clause.   *Neal v. Cain*,

141 F.3d 207, 214 (5th Cir. 1998) (citing *Porter v. Estelle*, 709 F.2d 944, 957 (5th Cir. 1983)).

The state habeas corpus court, which also presided over the trial, entered findings of fact and concluded that the proposed evidence was not admissible under Texas Rule 412(b). As discussed in more detail above, Piper has failed to demonstrate that the evidence was admissible or that the trial court's ruling was in error.  Even assuming that there was an error, Piper has not shown that his proceeding was tainted by constitutional error that had "substantial and injurious effect or influence in determining the jury's verdict."  *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993); *see also Fry v. Pliler*, 551 U.S. 112, 121-22 (2007) (holding that, on federal habeas corpus review under 28 U.S.C. § 2254, the *Brecht* standard of harmless error applies whether or not the state court conducted a harmlessness review under *Chapman*).  In other words, Piper fails to show that his proceeding was rendered unfair as a result of the trial court's evidentiary ruling or that the ruling was not harmless.  Absent a showing that his trial was rendered fundamentally unfair, Piper does not demonstrate a constitutional violation or show that the state court's decision to deny relief was objectively unreasonable.  Accordingly, Piper is not entitled to a federal writ of habeas corpus on this issue.

## IV.   **CERTIFICATE OF APPEALABILITY**

Because the habeas corpus petition filed in this case is governed by the Antiterrorism and Effective Death Penalty Act, codified as amended at 28 U.S.C. § 2253, a certificate of appealability is required before an appeal may proceed.  *See Hallmark v. Johnson*, 118 F.3d

1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336. Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). For all of the reasons set forth above, the Court concludes that the petitioner fails to show

that a certificate of appealability is warranted under the governing standard.  Therefore, a

certificate of appealability will not issue.

## V.    CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1.    The respondent's motion for summary judgment [Doc. # 5] is **GRANTED**.

2.    The petition for a writ of habeas corpus is **DENIED**, and this case is **DISMISSED** with prejudice.

3.    A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas, on  January 6, 2011.

_____
Nancy F. Atlas
United States District Judge